Pee CuRiAM.
 

 This was an action of trespass
 
 quare clausum
 
 fregit, brought by Douling against Hickman, wherein the plaintiff declared, that on the 6th of October, 1808, the defendant broke and entered his close, and, by himself and his servants dug up and subverted his soil and his grass, with his oxen, horses, and hogs eat up, trod down, and consumed,
 
 &c., and
 
 the same trespass, &c., continuing at sundry days, &c., to the 6th of October, 1809, &c. The defendant pleaded the general issue, upon which issue was joined, and several pleas in which no question was raised. The defendant, by leave of the court, pleaded the following plea: the plaintiff ought not to have and maintain, &c., because he saith the close at White’s bent aforesaid, and also the place in which the trespass aforesaid was supposed to he done, are now, and at the time aforesaid of the trespass aforesaid above supposed to be done, was the soil and freehold of one Samuel Lewis; and the * said Lewis being so secured and possessed by virtue of a patent from the State of North Carolina to said Lewis, dated May the 18th, 1789, for 100 acres, No. 79, did permit, to wit, on-day of-- in the county aforesaid, the said defendant to use, occupy, and enjoy the said close in White’s bent whereon the trespass above supposed is alleged to have been com
 
 *405
 
 mitted from year to year, whereof by the command and permission, of the said Lewis the said defendant was possessed, having entered the same by himself and his servants, did then and there dig up and subvert, and the grass there lately growing with his oxen, horses, and hogs, eat and tread down and consume as he lawfully might, and this he is ready to verify, &c. To which plea there was a demurrer, and causes of demurrer shown, to wit, that it is not shown in said plea, at what time and for what term said Samuel Lewis permitted said Hickman to occupy and enjoy said close, and that it is not in said plea shown, that the trespass in the declaration mentioned was committed by the command of or under any authority from said Samuel Lewis ; and joinder in demurrer: and at May term, 1813, the said demurrer being argued, judgment was given, that the plea and matters therein contained were insufficient in law to bar the plaintiff, &c. After this leave was given to the defendant to file an additional plea in the words following: And for further plea in this behalf as to the breaking and entering the said close, in which, &c., in said declaration mentioned, and the digging up and subverting the soil of the said close, by himself and his servants, and the eating up and treading down arid consuming the grass, the said Hickman, by leave of the court, says the said Douling ought not to have and maintain his action, &c., because he says that the close, &c., now is, and at the time when, &c., was the close, soil, and freehold of the said Samuel Lewis, to wit, at, &c., in Davidson County; wherefore the said Hickman, as the servant of the said * Samuel Lewis, and by his command and permission at the said times when, &c., in the declaration mentioned, broke and entered, &c., which are the supposed trespasses in the introductory part of this plea mentioned, and whereof the said Douling hath above complained, and this he is ready to verify, &c. To this plea the plaintiff replied that the defendant did not break and enter and commit the trespasses in the declaration mentioned with the assent and permission of the said Samuel Lewis, and tenders an issue to the country, to which the defendant demurred; and the plaintiff joined in demurrer. At November term, 1813, the demurrer was argued, and the court gave judgment that the replication was sufficient. At May term, 1814, the issues were found in favor of the plaintiff, and his damages by reason of the said trespass assessed to $26, and his costs. On the trial of the
 
 *406
 
 issues a bill of exceptions was tendered and signed, by which it appeared that on the trial it was proved, that for two years before the committing the supposed trespass in the declaration, the plaintiff had raised corn on the place, which is a small field containing 13 or 14 acres of land, upon which no person resided, nor was it connected in any manner with any improvement upon which either the plaintiff or any other person was actually settled. And further, that in the spring previous to the said supposed trespass, which was in the spring of 1809, the plaintiff had cut a good many of the cornstalks in said field, but had not otherwise taken possession of it, whereupon it was moved to the court to instruct the jury, that this evidence did not amount to possession in the plaintiff, so as to enable him to support a trespass by virtue of possession alone. But the court instructed the jury that the above facts, if true, were sufficient evidence of possession to maintain said action.
 

 On this case three questions'are submitted for the opinion of this, court. 1st, Whether the Circuit Court * erred in the opinion given in the case made by the bill of exceptions. On this point, this court concurs in opinion with the Circuit Court, that the directions given were right, and that the facts proved amounted to a sufficient evidence of the possession. If such facts did not amount to evidence of possession, it is.difficult to conceive such as would, if not accompanied by the residence and dwelling place of the possessor. . Here was an exclusive pernancy of the profits of the land, unshared and even unclaimed by any other person, a complete enjoyment of the usufruct that was raised and-produced by the agency of his own labor and occupation, applied during that portion of the year that was necessary for producing the effect. The circumstances of the field not being connected with the improvements on which the plaintiff or any other was actually settled, is not an extraordinary case, and frequently in fact occurs. It may be on the same tract on which the claimant resides, or it maybe on a different tract. It may have been originally made by the claimant himself or by some other whose possession he lawfully acquired. No error, therefore, is perceived in this charge.
 

 The next question is, whether to the defendant’s plea of
 
 liberum tenementum
 
 in Samuel Lewis, and that the defendant, as servant of said Lewis, entered by his command and permission, and did the acts, &c., &c., the plaintiff’s replication traversing the command
 
 *407
 
 and permission is a good answer. On this point it is to be observed, that formerly in an action of trespass
 
 quare clausum
 
 fregit, if the defendant justified as servant of a freeholder or termor, the plaintiff could not traverse the defendant’s authority (see 6 Ba. Abr. 621); but this doctrine has been exploded by the recent case of
 
 Chambers
 
 v. Donaldson, in the Court of King’s Bench, 1809, wherein it was unanimously agreed by all the judges, that the command in such case is traversable, and for this good reason, * that otherwise it would be sufficient for- a mere wrong-doer who has invaded the quiet possession of the plaintiff, to plead title in another and authority from him, although that other did not question the plaintiff’s possession. In 1 East, 224, and 3 Burr. 1563, it has been established, that trespass may be maintained against a wrong-doer by the person in possession, and that if title be given in evidence under the general issue, the command may be traversed in evidence. 1 East, 624. If a plea could not be got rid of by traversing the command, then this absurdity would follow, that in evidence the command may be traversed, but that the same command may not by way of plea, and thus the title and merits be substantially changed by the form in which they are brought forward. This court, therefore, is of opinion that there is no error in the judgment of the Circuit Court, in overruling the demurrer to the replication traversing the command.
 

 The court left the third question open for the defendant’s counsel to support by authorities, and gave him a future day for that purpose, at which time, the cause being called, he declined the argument, upon which the court directed the judgment of the Circuit Court to be affirmed.
 

 See King’s Digest, 9204.